IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| | ) | Case No.: 3:25-cr-00007 |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MEMORANDUM** |
| vs. | ) | **IN SUPPORT OF MOTION FOR** |
| | ) | **REVOCATION OF DETENTION** |
| Domonique Octvia Byers, | ) | **ORDER AND HEARING REQUEST** |
| | ) | |
| Defendant. | ) | |

### INTRODUCTION:

[¶ 1]   On January 8, 2025, Domonique Octvia Byers (Mr. Byers) was charged in a one count Indictment along with three other Co-Defendants. On April 29, 2025, Mr. Byers timely filed and served a Motion for Revocation of Detention Order and Hearing Request. This is Mr. Byers Memorandum in Support of his Motion.

### STATEMENT OF THE FACTS:

[¶ 2]   On January 8, 2025, Mr. Byers was charged in a one count Indictment in the United States District Court District of North Dakota charging him with Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance. Doc. 1. On February 24, 2025, Mr. Byers was arrested in East Cleveland, Ohio. Doc. 35-4. On February 25, 2025 an Initial Appearance was held in the United States District Court for the Northern District of Ohio. A detention hearing was scheduled for February 26, 2025. Doc. 35-2.

[¶ 3]   Prior to the detention hearing, Mr. Byers counsel at the time filed a motion for pretrial release. Doc. 35-3. On February 26, 2025, a detention hearing was held before United States Magistrate Judge James E. Grimes Jr. Doc. 35-5. The issue of detention was taken under

1

advisement. On February 28, 2025, Magistrate Judge Grimes issued an order of detention pending trial. Doc. 35-5.

[¶ 4]    Mr. Byers was transferred to the District of North Dakota. On April 25, 2025, an Arraignment was held. Doc. 41. At the hearing, Mr. Byers indicated that he would be filing a motion for revocation of the detention order pursuant to 18 U.S.C. 3145(b). On April 28, 2025, Mr. Byers filed his Motion with the Court.

**LAW AND ARGUMENT:**

**I.    The Court should revoke the previous court's order for detention.**

[¶ 5]    "[A] magistrate's detention order can be issued only after a hearing 'held immediately upon the person's first appearance' unless a continuance is sought." United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990)(quoting 18 U.S.C. § 3142(f)). "Because of the promptness contemplated by the Act, 'magistrates traditionally play a preliminary role in these determinations.' " Id. (quoting United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir.1985)). "It is true that the magistrate's detention order (unlike a release order) must 'include written findings of fact and a written statement of the reasons for the detention.' " Id. (quoting 18 U.S.C. § 3142(i)(1)).

[¶ 6]    "A defendant may move for review by the district court of a pretrial detention order entered by a magistrate." United States v. Foote, 898 F.2d 659, 664, (8th Cir. 1990)(citing 18 U.S.C. § 3145(b)). "[T]he person detained…has the right to 'file, with the court having *original jurisdiction* over the offense, a motion for revocation or amendment of the order.' "Koenig, 912 F.2d at 1192(quoting 18 U.S.C. § 3145(b)). "It is not without significance that this provision is for a motion to revoke or amend, not for an appeal, and that it is made in the court of original jurisdiction." Id. "That court, unlike a court of appeals, is equipped to explore and redetermine

factual issues if that proves necessary." Id. "The motion shall be determined promptly." 18 U.S.C. § 3145(b).

[¶ 7]    Courts nationwide have recognized a de novo standard of review is appropriate when reviewing a magistrates' pretrial detention orders. *See, e.g.*, Koenig, 912 F.2d at 1191; United States v. King, 849 F.2d 485, 491 (11th Cir.1988); United States v. Hurtado, 779 F.2d 1467, 1480 (11th Cir.1985); United States v. Maull, 773 F.2d 1479, 1481 (8th Cir.1985) (en banc); United States v. Fortna, 769 F.2d 243, 249 (5th Cir.1985); United States v. Leon, 766 F.2d 77, 80 (2d Cir.1985); United States v. Delker, 757 F.2d 1390, 1394–95 (3d Cir.1985); United States v. Thibodeaux, 663 F.2d 520, 522 (5th Cir.1981).

[¶ 8]    In the present case, Magistrate Judge Grimes ordered Mr. Byers detained pending trial. This was not a court having original jurisdiction of the offense. As such, Mr. Byers is permitted to file this motion with the court having original jurisdiction over the offense. The court with original jurisdiction over the offense is the United States District Court District of North Dakota. Thus, this Court shall conduct a de novo review of the detention order to determine if it shall be revoked or amended.

[¶ 9]    "Consistent with the intent expressed in the legislative history, the statutory scheme of 18 U.S.C. § 3142 continues to favor release over pretrial detention." United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985). "Section 3142 provides four alternatives from which the judicial officer must choose: 1) release on personal recognizance or unsecured appearance bond, or 2) release subject to certain conditions, or 3) temporary detention to permit, among other things, revocation of conditional release, or 4) pretrial detention." Id. "The judicial officer most often will be deciding between the first and the second alternatives." Id. "The statutorily mandated progression from one choice to the next is critical: a judicial officer cannot determine that a

detention hearing and the possible imposition of pretrial detention is appropriate merely by determining that release on personal recognizance will not 'reasonably assure' the defendant's appearance at trial or 'will endanger' the community." Id. "The judicial officer must also consider whether one of the codified conditions or any combination of the conditions will 'reasonably assure' the defendant's appearance and the safety of the community." Id. at 890-891. "The wide range of restrictions available ensures, as Congress intended, that **very few defendants will be subject to pretrial detention.**" Id. at 891(Emphasis added).

[¶ 10]   "Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." 18 U.S.C. § 3142(e)(3)(A). "In a presumption case such as this, a defendant bears a limited burden of production-not a burden of persuasion-to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." Id.

[¶ 11]   Although Mr. Byers is charged with an offense that triggers the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3); he has introduced sufficient evidence to rebut that presumption. The Court must therefore proceed to consider the factors under 18 U.S.C. § 3142(g) to determine whether there exist conditions of release that will reasonably assure both

the appearance of the defendant and the safety of the community. When these statutory factors are properly weighed, they support pretrial release with appropriate conditions.

[¶ 12]  Mr. Byers has substantial community ties that directly undermine the government's claim that no condition or combination of conditions could ensure his appearance or mitigate danger. Prior to his arrest, he resided with his grandmother in Cleveland, Ohio, in a stable and verified home free of any dangerous elements. Mr. Byers currently provides care and assistance to his grandmother, who recently underwent heart surgeries. Further, Mr. Byers also has ties to Minneapolis, Minnesota. Currently, his girlfriend and children reside in Minneapolis. Mr. Byers has lived in Cleveland, OH or Minneapolis, MN most of his life. Mr. Byers is the provider for his family. Either of these locations would be suitable living conditions for Mr. Byers. Although both are out of state, Minneapolis, MN to Fargo, ND is comparable in distance to Bismarck, ND to Fargo, ND.

[¶ 13]  Additionally, Mr. Byers has verifiable income through his position with DoorDash, earning approximately $2,800 per month. He uses his income to contribute toward household expenses and rent. This economic structure reduces incentives to flee and supports a conclusion that his pretrial compliance can be meaningfully supervised.

[¶ 14]  While the government may point to his criminal history, the record does not demonstrate a pattern of violent or ongoing criminal conduct sufficient to support continued detention. Mr. Byers' most recent conviction was over five years ago in 2019. Further, the majority of Mr. Byers's past encounters with the criminal justice system resulted in dismissals or minor penalties, and none suggest a history of pretrial noncompliance. In fact, there is no indication that he has ever failed to appear in a prior case. The Pretrial Risk Assessment Tool (PTRA) also indicates that Mr. Byers is highly likely to make all of his court appearances. The PTRA placed Mr. Byers

in Category 3—a moderate risk level that statistically predicts a mere 4% likelihood of failure to appear. These facts strongly refute any argument that he poses a flight risk that cannot be managed by supervised release.

[¶ 15] Concerns about substance use or mental health are also manageable under release conditions. Mr. Byers's recent marijuana use does not indicate dependency or disregard for the law, especially in light of his transparent reporting, clean criminal record in recent years, and stated willingness to engage in counseling. His prior mental health treatment, including a provisional diagnosis of PTSD, does not suggest instability or dangerousness; rather, it underscores the appropriateness of conditions that can support rehabilitation and monitoring, not incarceration.

[¶ 16] Importantly, as recognized in Abad, *supra*, once a defendant presents evidence rebutting the presumption, the presumption does not vanish, but it is only one factor to be considered in the totality of circumstances. The Court retains discretion to release the defendant provided the conditions imposed can reasonably assure appearance and safety. In this case, any perceived risks can be mitigated through stringent conditions such as GPS monitoring, regular drug testing, travel restrictions, and/or third-party custodianship. There is simply no evidence that continued detention is the least restrictive means necessary to achieve the goals of the Bail Reform Act.

## CONCLUSION

[¶ 17] Mr. Byers has presented credible, verifiable, and compelling evidence that rebuts the presumption of detention. The statutory factors, when applied, weigh in favor of release. As such, Mr. Byers respectfully requests an evidentiary hearing and/or oral argument[1] on the matter and that the Court **GRANT** his Motion for Revocation of Detention Order.

---

[1] Case law seems to indicate that the district court can order one or both of these hearings. *See* United States v. Maull, 773 F.2d 1479, (8th Cir. 1985).

Dated this 29th day of April, 2025.

Digitally signed by
Adam Justinger
Date: 2025.04.29
13:50:27 -05'00'

Adam Justinger (ND ID #08635)
SW&L Attorneys
4627 44th Avenue South, Suite 108
Fargo, North Dakota 58104
Telephone: (701) 297-2890
Fax: (701) 297-2896
adam.justinger@swlattorneys.com
ATTORNEYS FOR DEFENDANT

7