IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DOMONIQUE OCTVIA BYERS,<br><br>Defendant. | Case No. 3:25-cr-00007<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR REVOCATION OF DETENTION ORDER AND HEARING REQUEST** |

The United States of America, by Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Brett M. Shasky, Assistant United States Attorney, has received the defendant's Motion for Revocation of Detention Order and Request for Hearing. (Doc. 47, 48.) The United States opposes the motion for the reasons set forth below.

The defendant is charged with one count of Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance. (Doc. 1.) The alleged charge carries a minimum mandatory sentence of 10 years' imprisonment, with a maximum sentence of life. The defendant is currently in custody following a detention hearing, which was held in the district of his arrest, the Northern District of Ohio. (Doc. 35-5.) The Magistrate Judge in Ohio issued an order of detention. (Doc. 35-5.)

Defendant Byers has now filed the current motion seeking revocation of that detention order pursuant to 18 U.S.C. § 3145(b). (Doc. 47, 48.) The United States opposes the motion as set forth below.

1

It should be noted that the United States does not dispute the procedural history of this matter, nor does it dispute the legal standards set forth in Defendant's memorandum as related to this Court's review of the present order of detention. The basis for the opposition lies in the facts and necessity for detention, much of which is set forth in the bond report and existing Order.

It is also not disputed that Byers is charged with an offense that carries with it the presumption of detention. 18 U.S.C. § 3142(e)(3)(A). Nor is it disputed that his criminal history is far from the worst seen in this jurisdiction. What is disputed is that Byers does not pose a risk of non-appearance. It is not clear why, but Byers makes no mention whatsoever in his motion or memorandum as to the proffered facts relied upon by the court in Ohio, or the findings of the court, in determining detention was appropriate. The court did note that the presumption for detention was present. (Doc. 35-5 at 2.) Further, the court found that "the defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis." (Doc. 35-5 at 2.) The court further found that "the Government has proven . . . by a preponderance of the evidence that no condition or combination of conditions of release will reasonable assure the defendant's appearance as required." (Doc. 35-5 at 2.) Additional findings included the lengthy period of incarceration if convicted, lack of stable residence, and prior attempt to evade law enforcement. (Doc. 35-5 at 2-3.) In the further explanation section of the Order the court added details as to why detention was appropriate:

> The Defendant did not introduce sufficient evidence to rebut the presumption of detention. Even without the presumption, however, the Government showed by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.
>
> In considering the factors in 18 USC 3142(g), the Court incorporates by reference the information contained in the pretrial services report.
>
> The parties' proffers and the pretrial services report offered conflicting information about Defendant's whereabouts. The report indicates that Defendant has ties to both Minneapolis and Cleveland, neither of which are in the district where Defendant's charges are pending. Indeed, Minneapolis is approximately 235 miles from Fargo, North Dakota. According to the report, Defendant stated that he has lived with his grandmother in Cleveland for four months. But Defendant proffered that his grandmother would testify that he's lived with her for two months. And the Government proffered that when agents executed a search warrant at Defendant's residence in Minneapolis on January 23, the building's owner reported having seen Defendant within the previous 48 hours.
>
> At that time, agents spoke with Defendant by telephone and told him to turn himself in. Defendant did not do so and was later found in Ohio.
>
> Further, the Court notes that Defendant faces a potential ten-year minimum sentence.
>
> The Court has considered the Defendant's profer (*sic*) about his family ties to Cleveland and Minneapolis and the proffer about Defendant's grandmother and his care of her. But having deep family ties to two different locations, in different states, located at some distance from the district of prosecution, does not lessen the Government's showing.
>
> Given that the Government has carried its burden with respect to the risk of non-appearance, the Court makes no finding regarding the risk to the safety of any other person and the community that might be posed by Defendant's release.

(Doc. 35-5 at 3.)

Byers does not address the very information upon which the Magistrate Judge based the detention decision. Byers ignores the significant facts as to his leaving the Minneapolis,

3

Minnesota, area immediately after speaking with agents who advised him to turn himself in. He then was in the Cleveland, Ohio, area for approximately a month before agents located and arrested him on the warrant. His residence was not as stable as he suggests, as noted by the Magistrate Judge, having moved from Minneapolis to Ohio, and first stating he resided in Ohio for four months, then stating two months, when a witness placed him in Minneapolis on January 23rd. All of this information formed the basis for the Magistrate Judge to detain Byers.

The defendant has failed to rebut the pretrial presumption that he remain in detention in this case. No condition or combination of conditions will ensure his appearance or the safety of the community. He cannot meet his burden to overcome the presumption and should remain in detention pending trial.

Byers also asks the Court for an evidentiary hearing or oral argument on this issue. He notes that case law "seems to indicate" either, or both, of these can be ordered. (Doc. 48 at 6, n. 1.) Looking at D.N.D. Crim. L.R. 47.1, it does not appear either of these is required. That Rule states:

> (D) MOTIONS FOR ORAL ARGUMENT
>
> The court *may* order oral argument on its own or upon motion of either party. A memorandum in support of the motion for oral argument is not required and, if filed, must not exceed two (2) pages in length.

D.N.D. Crim. L.R. 47.1 (emphasis added).

There is no requirement for an evidentiary hearing or oral argument on this issue. The United States submits that the Court determine this issue based upon the written

4

submissions of the parties and the existing record without need for a hearing of any kind. As such, the United States requests that Defendant's motion be in all things denied.

    Dated: May 13, 2025

                              JENNIFER KLEMETSRUD PUHL
                              Acting United States Attorney

            By:   */s/ Brett M. Shasky*
                    BRETT M. SHASKY
                    Assistant United States Attorney
                    Quentin N. Burdick United States Courthouse
                    655 First Avenue North - Suite 250
                    Fargo, ND 58102-4932
                    (701) 297-7400
                    ND Bar Board ID No. 04711
                    Brett.Shasky@usdoj.gov
                    Attorney for United States